UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| JADE PARTNERS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 20-458-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| ALTERNATIVE CROPS, LLC, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendants Alternative Crops, LLC ("Alternative") and CaliCo Hemp, Inc. ("CaliCo") filed a Notice of Removal on November 11, 2020, removing this breach-of-contract action from Fayette Circuit Court based on claims of diversity of citizenship.

Upon review of the Notice of Removal, the Court observed that the defendants' citizenship allegations were insufficient to determine whether complete diversity exists for purposes of 28 U.S.C. § 1332. A hearing was scheduled to address the matter and, in the intervening period, counsel for the defendants filed a memorandum supporting their claims that proper jurisdictional allegations had been made. However, following the hearing held this date, the undersigned concludes that the defendants have not made factual assertions sufficient to support this Court's jurisdiction. Further, counsel acknowledged during the hearing that proper jurisdictional allegations cannot be made based in information currently available. As a result, the matter will be remanded to state court.

## I.

As explained during the hearing, the Court has an independent obligation to ensure that subject-matter jurisdiction exists, even if the issue is not raised by a party. *Blaszczyk v. Darby*, 425 F. Supp. 3d 841, 845 (E.D. Mich. 2019) (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)). To establish diversity jurisdiction under § 1332, there must be complete diversity such that no plaintiff is a citizen of the same state as any properly-joined defendant. Further, the party or parties invoking diversity jurisdiction (here, the defendants) have the burden of demonstrating that the action satisfies the complete diversity requirement. *See Cleveland Hous. Renewal Project v. Deustche Bank Trust Co.*, 621 F.3d 554, 559 (6th Cir. 2010); *Mayfield v. London Women's Care, PLLC*, 2015 WL 3440492, at *1 (E.D. Ky. May 28, 2015) (removing defendant must prove diversity jurisdiction by a preponderance of the evidence).

And as removing parties, the defendants have a duty to "affirmatively plead or otherwise demonstrate the citizenship of the parties." *GRC Development, LLC v. Lavan*, 2014 WL 12650689, at *1-2 (E.D. Ky. Dec. 18, 2014) (citing *Mansfield, C. & L.M. Ry. Co. v. Swan*, 111 U.S. 379, 381-82 (1884)). Any doubts concerning jurisdiction are resolved in favor of remand, because continuing litigation in the absence of jurisdiction will render any subsequent judgment void. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549-550 (6th Cir. 2006).

### A.    The LLCs

The defendants allege in their Notice of Removal that Plaintiff Jade Partners, LLC ("Jade") "is a Kentucky limited liability company, with its principle place of business in the State of Pennsylvania, and therefore is a citizen of the state of Kentucky." [Record No. 1, Page

ID 2]  They also contend that Defendant Alternative Crops, LLC, "is a resident of the state of California."[1]  *Id.*

As noted, the Defendants filed a Memorandum in Support and Supplemental Notice after this matter was scheduled for a show cause hearing.  [Record No. 4]  Therein, they report that Plaintiff Jade is "incorporated under the laws of the state of Kentucky and has its principle place of business in Pennsylvania.  Therefore, Jade is a citizen of the state of Kentucky."  *Id.*, Page ID 67.  They further allege, that "[a]s shown by the Notice of Removal, … Alternative is … a citizen of the state of California."

The defendants' contentions that Jade and Alternative are limited liability companies ("LLCs") are supported by the Kentucky Secretary of State website and the California Secretary of State website, respectively.[2]  But here is the problem:  limited liability companies are not treated like corporations for purposes of determining citizenship.  *Homfeld II, LLC v. Comair Holdings, Inc.*, 53 F. App'x 731, 732 (6th Cir. 2002).  Instead, they have the citizenship of each partner or member.  *V&M Star, L.P. v. Centimark Corp.*, 596 F.3d 354, 356 (6th Cir. 2010).

"[B]ecause a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know

---

[1]     It is well-established that residence is not tantamount to citizenship for purposes of § 1332.  *See Bd. of Trustees of Mohican Twp. v.* Johnson, 133 F. 524, 524 (6th Cir. 1904); *Howard v. Barr*, 114 F. Supp. 48 (W.D. Ky. 1953).  A party "can reside in one place but be domiciled in another." *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989).

[2]     Jade Partners, LLC is listed on the Kentucky Secretary of State website as an LLC organized on November 29, 2018.  Alternative Crops, LLC is listed on the California Secretary of State website as an LLC registered on March 29, 2019.

the citizenship of each 'sub-member' as well." *Id.* (quoting *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009)). *See also Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) ("an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well").

"[An] LLC's citizenship can only be defined by drilling down into each layer of ownership to find members who are corporations or individuals." *Lovitz v. Daimler N.A., Corp.*, 2009 WL 10723039, *3 (N.D. Ohio Aug. 17, 2009). The Court has an obligation to investigate the citizenship of each partner or member of an LLC, regardless of a non-removing party's failure to object, because no party can waive a defect regarding subject matter jurisdiction. *V&M Star, L.P.*, 596 F.3d at 356-57.

During the hearing held this date, counsel for the defendants conceded that the identities of the members of Jade and Alternative are unknown. Based on this lack of information, it is impossible to ascertain the citizenship of the LLCs and determine whether diversity exists, but it is clear that sufficient factual allegations have not been made by the defendants to meet their pleading burden.

## B.     The Corporation

The allegation that CaliCo is a corporation is supported by the Delaware Secretary of State website.[3] Corporations are citizens of any state in which they are incorporated as well as the state in which they maintain their principal place of business. 28 U.S.C. § 1332(c)(1);

---

[3]     CaliCo Hemp, Inc. is listed on the Delaware Secretary of State website as a corporation incorporated/formed on July 18, 2019.

*Hertz Corp. v. Friend*, 559 U.S. 77 (2010); *Gafford v. General Electric, Co.*, 997 F.2d 150, 161 (6th Cir. 1993) (abrogated on other grounds by *Hertz Corp.*, 559 U.S. 77) ("For purposes of determining diversity jurisdiction, a corporation can be a citizen of two states: (1) its state of incorporation; and (2) the state of its principal place of business.").

Defendants' Notice of Removal simply alleges that CaliCo is a "resident of the state of Delaware."  [Record No. 1, Page ID 2]  And the later-filed Memorandum and Supplement indicates that CaliCo is a "citizen of the state of Delaware."  [Record No. 4, Page ID 67] However, neither the Complaint nor the defendants' filings identify CaliCo's principal place of business.  *See Hertz Corp.*, 559 U.S. at 93-95 (a corporation's principle place of business, for diversity jurisdiction purposes, is often determined to be its nerve center).  Without this information, CaliCo's citizenship cannot be fully determined.

## II.

Based on the foregoing, the defendants have failed to satisfy their burden following removal of demonstrating that the plaintiff and defendants are completely diverse. Accordingly, it is hereby

**ORDERED** that this matter is **REMANDED** to Fayette Circuit Court and **STRICKEN** from this Court's docket.  Defendant CaliCo Hemp, Inc.'s motion to dismiss [Record No. 7] filed November 13, 2020, remains pending before the state court and is not affected by this Memorandum Opinion and Order.

Dated:  November 19, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky